IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NORMA JEAN JOHNSON**                                                                                 **PLAINTIFF**

v.                           Case No. 4:21-cv-01167-KGB

**ARKANSAS DEPARTMENT OF TRANSPORTATION**                                     **DEFENDANT**

**ORDER**

Before the Court is a motion to quash subpoena filed by the City of Little Rock ("the City") and Little Rock Police Chief Heath Helton, who are not parties to this action (Dkt. No. 67). Plaintiff Norma Jean Johnson filed a motion not to quash subpoena, which the Court considers to be Johnson's response to the City and Helton's motion to quash subpoena (Dkt. No. 70). The City and Helton replied to Johnson's response to the motion quash (Dkt. No. 71). For the following reasons, the Court grants the motion to quash subpoena (Dkt. No. 67) and denies the motion not to quash subpoena (Dkt. No. 70).

**I.    Background**

On November 30, 2021, Johnson brought a complaint against the Arkansas Department of Transportation asserting violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq*.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.; and the Arkansas Department of Transportation personnel manual (Dkt. No. 1, ¶ 1). Johnson's allegations in the complaint involve events that occurred from 2020 through 2021 (*Id*.).

On July 24, 2025, Johnson filed a subpoena directed at the City and Helton, who are not parties to this lawsuit (Dkt. No. 65). The subpoena was delivered to the City's Police Department on July 28, 2025 (Dkt. No. 67, ¶ 2). In the subpoena, Johnson requests "all police reports (online/in person) that were made whether the reports were accepted or not" from January 2023 to present

(Dkt. No. 65, at 1). In other words, the subpoena requests a copy of every police report, whether a written record was made or not, over a two and a half year period (*Id.*). The subpoena is addressed to Helton, but Helton asserts that, in his personal capacity, he is not the record keeper of the requested documents (*Id.*). The subpoena set a deadline for a response of August 21, 2025 (*Id.*).

On August 19, 2025, the City and Helton filed a motion to quash subpoena (Dkt. No. 67). After the City and Helton filed their motion to quash subpoena, the Court entered an Order notifying the City and Helton that they were not required to respond to the subpoena until after the Court ruled on their motion to quash subpoena (Dkt. No. 69).

On September 2, 2025, Johnson filed her motion not to quash subpoena in response to the motion to quash subpoena (Dkt. No. 70). The Court will treat Johnson's motion not to quash subpoena as her response to the motion to quash subpoena. Rather than respond to the City and Helton's motion to quash the July 24, 2025, subpoena, in her response Johnson references a different subpoena that she sent to the City in July 2024 (Dkt. No. 70, ¶¶ 1–4). The City and Helton admit that such a subpoena exists and that on August 12, 2024, they sent a letter to Johnson with an attached thumb drive containing "requested information/documentation," including 44 incident reports related to Johnson dating back to 1999 (Dkt. No. 71, ¶ 9). In her motion not to quash subpoena, Johnson asks the Court to order the City and Helton to produce additional documents related to the 44 incident reports including information about alleged property damage, harassment, and loud conversations committed by undisclosed persons (Dkt. No. 70, ¶ 5). The City and Helton contend that these requests are completely unrelated to Johnson's claims of discrimination against the Arkansas Department of Transportation in this case (Dkt. No. 71, ¶ 10). Further, the City and Helton argue that Johnson's request for additional information in her motion

2

not to quash subpoena is overly broad, unduly burdensome, and irrelevant to Johnson's claims and should be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A) (Dkt. No. 71, ¶ 11).

**II.     Analysis**

Federal Rule of Civil Procedure 45(d)(3) provides that a court must quash or modify a subpoena that "(iv) subjects a person to undue burden."  "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."  *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir. 1998); *see also Exxon Shipping Co. v. United States Dept. of Interior,* 34 F.3d 774, 779 (9th Cir.1994) (nonparties are afforded "special protection against the time and expense of complying with subpoenas")).

Here, Johnson complains that the Arkansas Department of Transportation discriminated against her from 2020 through 2021.  The documents requested in the July 24, 2025, subpoena that is the subject of the motion to quash subpoena, do not appear related to the allegations in the complaint, and Johnson has not clarified for the Court the relevance of the documents in her response to the motion to quash except to state "the information being requested may have no relevance of [sic] your case but it does have relevance on my case, so therefore; I am entitled to all information/documentation being requested." (Dkt. No. 70, ¶ 7).  Johnson's statement does not assist the Court in understanding what relevance the City's police reports from January 2023 to present have to her case against the Arkansas Department of Transportation alleging discrimination from 2020 to 2021.

The Court determines that it would be an undue burden for the City and Helton to comply with Johnson's July 24, 2025, subpoena because it would require them to produce thousands of

documents without any indication that the documents are relevant to Johnson's employment discrimination claim now pending before the Court. Furthermore, Johnson's request is overbroad in that it seeks information regarding documents that do not relate to Johnson, do not relate to the subject matter of this case, and are outside of the time period relevant for this case.

### III.    Conclusion

For all of these reasons, the Court grants the City and Helton's motion to quash subpoena (Dkt. No. 67). The Court denies Johnson's motion not to quash subpoena (Dkt. No. 70).

It is so ordered this 8th day of September, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge